# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY E. MYERS,<br><br>    Plaintiff,<br><br>    v.<br><br>FRESNO COUNTY JAIL, et al.,<br><br>    Defendants. | Case No. 1:20-cv-00381-AWI-EPG<br><br><u>SCREENING ORDER</u><br><br>ORDER FOR PLAINTIFF TO:<br><br>(1) FILE A SECOND AMENDED COMPLAINT; OR<br><br>(2) NOTIFY THE COURT THAT HE WISHES TO STAND ON THE FIRST AMENDED COMPLAINT, SUBJECT TO THIS COURT ISSUING FINDINGS AND RECOMMENDATIONS TO A DISTRICT JUDGE CONSISTENT WITH THIS ORDER<br><br>(ECF No. 4)<br><br>ORDER DIRECTING CLERK'S OFFICE TO SEND PLAINTIFF BLANK CIVIL RIGHTS COMPLAINT FORM<br><br>THIRTY (30) DAY DEADLINE |

**I.     INTRODUCTION**

Anthony E. Myers ("Plaintiff") is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On March 13, 2020, Plaintiff commenced this action by filing a complaint against Fresno County Jail, Fresno Police Department, Fresno Sheriff/SERT, American Ambulance, and Community Hospital (collectively "Defendants"). (ECF No. 1). On April 28, 2020, Plaintiff filed a first amended complaint ("FAC"). (ECF No. 4).

In the FAC, Plaintiff alleges that his right to a speedy trial has been violated, a SERT officer used excessive force in effectuating Plaintiff's arrest, and while in detention unknown technology was used to induce various bodily reactions in Plaintiff akin to assault and sexual assault.

After the FAC was filed, the Court received two letters from Petitioner. Attached to the first letter is a petition for writ of habeas corpus that appears to be nearly identical to the petition that commenced the proceeding in Myers v. Fresno Police Department, No. 1:20-cv-00472-DAD-SAB, along with an incomplete copy of a Fresno County Superior Court order denying state habeas relief. (ECF No. 11). See United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases[.]"). Attached to the second letter is a prisoner civil rights complaint that appears to be nearly identical to the complaint that commenced the instant proceeding along with copies of various orders from this Court and the Fresno County Superior Court. (ECF No. 12).

The Court has screened the FAC and finds that Plaintiff has failed to state any cognizable claims. The Court will provide Plaintiff with leave to file a second amended complaint, if he believes that additional facts would state cognizable claim(s) with the assistance of the legal standards set forth below. Plaintiff may also choose to stand on the FAC, subject to the undersigned issuing findings and recommendations to the assigned district judge consistent with this order.

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners[1] seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

---

[1] In the instant case, Plaintiff was detained at the Fresno County Jail at the time the complaint and the FAC were filed. Accordingly, the Court may screen the FAC pursuant to 28 U.S.C. § 1915A. See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1284 (9th Cir. 2017).

The Court may also screen a complaint brought *in forma pauperis* under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 556 U.S. at 663 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

In determining whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, Hosp. Bldg. Co. v. Trs. of Rex Hospital, 425 U.S. 738, 740 (1976), construe *pro se* pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

**III.   SUMMARY OF PLAINTIFF'S COMPLAINT**

In the FAC, Plaintiff alleges that a SERT officer used "'pain compliance' in the form of elbow strikes and head butts in addition to double tossings in a 'Rodney King styled' beatdown" when arresting Plaintiff without a warrant. (ECF No. 4 at 4). Plaintiff also alleges that a non-SERT officer admitted to tasing, headbutting, and elbowing as part of "pain compliance." (Id.). Plaintiff appears to contend that he has not waived his right to a speedy trial.

///

The FAC further alleges that some unknown technology[2] "forced dream induced ejaculations called 'Minds Eye,' simulated anal penetration, induced erections, 'so called' 'anal dilations,' induced diarreah [*sic*], extreme cramps, disruption of breath and normal breathing, chest pains[.]" (ECF No. 4 at 4).

## IV. EVALUATION OF PLAINTIFF'S COMPLAINT

### A. Habeas Corpus or Section 1983

The Court notes at the outset that is unclear what relief Plaintiff seeks in the instant proceeding and whether Plaintiff intends to state a habeas claim. In the FAC, Plaintiff makes references to both 42 U.S.C. § 1983 and 28 U.S.C. § 2241, the habeas corpus statute.

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, and a complaint under the Civil Rights Act of 1871. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action. Some cases are hybrids, with a prisoner seeking relief unavailable in habeas, notably damages, but on allegations that not only support a claim for recompense, but imply the invalidity either of an underlying conviction or of a particular ground for denying release short of serving the maximum term of confinement.

Muhammad v. Close, 540 U.S. 749, 750–51 (2004) (citations omitted).

"In cases where a prisoner's section 1983 complaint evince[s] a clear intention to state a habeas claim, [the Ninth Circuit has] said that the district court should treat the complaint as a habeas petition." Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (citing Padilla v. Ackerman, 460 F.2d 477, 478 (9th Cir.1972); Bennett v. Allen, 396 F.2d 788, 790 (9th Cir.1968)). "When the intent to bring a habeas petition is not clear, however, the district court should not convert a defective section 1983 claim into a habeas petition." Trimble, 49 F.3d at 586. As noted above, the relief that Plaintiff seeks in the instant proceeding is unclear and Plaintiff makes reference to both § 1983 and the federal habeas corpus statute. Accordingly, the Court declines to convert the FAC into a habeas petition at this time.

---

[2] With respect to this unknown technology, Plaintiff directed the Court to take note that in 2012 the United States Department of Justice issued standards that did not include "AM/FM digital distribution of simulated body function." (ECF No. 4 at 4). Plaintiff likened the technology to "marketed simulation technology known to offer control [over] your friend" and "tech such as Backyard Brains." (Id. at 5).

1    The Court will permit Plaintiff to file a second amended complaint. Should Plaintiff choose to amend the complaint, Plaintiff shall set forth what relief he seeks in this action. See Muhammad, 540 U.S. at 750 ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action." (citation omitted)); Preiser v. Rodriguez, 411 U.S. 475, 494 (1973) ("In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy.").

The Court further notes that a jurisdictional issue may exist with claims that Plaintiff may state in a § 1983 action. In Heck v. Humphrey, 512 U.S. 477, 486–87 (1994), the United States Supreme Court held that to recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a § 1983 plaintiff must prove that the conviction or sentence was reversed, expunged, or otherwise invalidated. The favorable termination rule laid out in Heck preserves the rule that claims which, if successful, would necessarily imply the invalidity of a conviction or sentence, must be brought by way of a petition for writ of habeas corpus. Muhammad, 540 U.S. at 750–751.

Here, it appears that Plaintiff may be involved in criminal proceedings related to the allegedly unlawful arrest at issue in the FAC. Plaintiff also appears to allege that his right to a speedy trial has been violated. If success on Plaintiff's claims would necessarily imply the invalidity of a conviction or sentence, then: (1) the claim must be brought by way of a petition for writ of habeas corpus; and (2) would be subject to the favorable termination rule, which requires the conviction or sentence to have been reversed, expunged, or otherwise invalidated, before Plaintiff could recover damages. Also, if a plaintiff files any "claim related to rulings that will likely be made in a pending or anticipated criminal trial[,] it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." Wallace v. Kato, 549 U.S. 384, 393–94 (2007).

The Court will permit Plaintiff to file a second amended complaint. Should Plaintiff choose to amend the complaint, Plaintiff shall explain what, if any, criminal proceedings have taken place and the result of those proceedings.

5

**B. Section 1983**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393–94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). See also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. Cty. of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

Additionally, a plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676–77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691, 695 (1978).

Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. Iqbal, 556 U.S. at 676–77; Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that the supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). For instance, a supervisor may be liable for his "own culpable action or inaction in the training, supervision, or control of his subordinates," "his acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others." Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991) (internal citations, quotation marks, and alterations omitted).

**C. Municipal Liability**

A county or other local governmental entity may be liable for a constitutional deprivation where the plaintiff can "satisfy the requirements for municipality liability established by Monell and its progeny." Mendiola-Martinez v. Arpaio, 836 F.3d 1239, 1247 (9th Cir. 2016) (citing Monell v. Dep't of Soc. Servs. Of the City of New York, 436 U.S. 658 (1978)). Under Monell, an entity defendant cannot be held liable for a constitutional violation solely because it employs a tortfeasor 436 U.S. at 691. An entity defendant can only be held liable for injuries caused by

the execution of its policy or custom or by those whose edicts or acts may fairly be said to represent official policy. Id. at 694. "In addition, a local governmental entity may be liable if it has a 'policy of inaction and such inaction amounts to a failure to protect constitutional rights.'" Lee v. City of Los Angeles, 250 F.3d 668, 681 (9th Cir. 2001) (quoting Oviatt v. Pearce, 954 F.2d 1470, 1474 (9th Cir. 1992)).

A "policy" is a "deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." Fogel v. Collins, 531 F.3d 824, 834 (9th Cir. 2008). A "custom" is a "widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law." St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988); Los Angeles Police Protective League v. Gates, 907 F.2d 879, 890 (9th Cir. 1990). "Since Iqbal, courts have repeatedly rejected conclusory Monell allegations that lack factual content from which one could plausibly infer Monell liability." See, e.g., Rodriguez v. City of Modesto, 535 F. App'x 643, 646 (9th Cir. 2013) (affirming district court's dismissal of Monell claim based only on conclusory allegations and lacking factual support).

"Private actors have been found to act under color of state law where they contract with the state to provide a service that the state bears 'an affirmative obligation to provide.'" Cox v. California Forensic Med. Grp., 2015 WL 237905, at *2 (N.D. Cal., Jan. 14, 2015) (quoting West v. Atkins, 487 U.S. 42, 55–56 (1988) (finding private doctor acted under color of state law in providing medical care to inmates under a contract with prison because Eighth Amendment requires prison to provide such care to inmates)). Additionally, Monell liability extends to § 1983 suits against private entities that are acting under color of state law. Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1139 (9th Cir. 2012).

**D. Use of Excessive Force During Arrest**

A § 1983 claim for excessive use of force during an arrest is analyzed under the Fourth Amendment's objective reasonableness standard. Graham v. Connor, 490 U.S. 386, 395–99 (1989). "The question is whether the officers' actions are objectively reasonable in light of the

facts and circumstances confronting them, without regard to their underlying intent or motivation." Byrd v. Phoenix Police Dep't, 885 F.3d 639, 642 (9th Cir. 2018) (quoting Graham, 490 U.S. at 397). To determine whether the force used is "objectively reasonable," the Court balances "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." Graham, 490 U.S. at 397. "The essence of the Graham objective reasonableness analysis is that the force which was applied must be balanced against the *need* for that force: it is the need for force which is at the heart of the Graham factors." Headwaters Forest Def. v. Cty. of Humboldt, 276 F.3d 1125, 1130 (9th Cir. 2002), as amended (Jan. 30, 2002) (quoting Liston v. County of Riverside, 120 F.3d 965, 976 (9th Cir. 1997) (internal quotation marks and brackets omitted).

Under that test, a court must "first assess the quantum of force used to arrest the plaintiff by considering the type and amount of force inflicted." Drummond ex rel. Drummond v. City of Anaheim, 343 F.3d 1052, 1056 (9th Cir. 2003) (internal quotation marks and brackets omitted). Second, a court balances the government's countervailing interests. This involves considering "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Graham, 490 U.S. at 396. Using these factors, a court must determine "whether the force employed was greater than is reasonable under the circumstances." Drummond, 343 F.3d at 1058.

The FAC alleges that a SERT officer used "'pain compliance' in the form of elbow strikes and head butts in addition to double tossings in a 'Rodney King styled' beatdown" when arresting Plaintiff without a warrant. (ECF No. 4 at 4). Plaintiff also alleges that a non-SERT officer admitted to tasing, headbutting, and elbowing as part of "pain compliance." (Id.).

Plaintiff appears to bring a claim against the Fresno Police Department and the Fresno County Sheriff's Office for use of excessive force during Plaintiff's arrest. No individuals are named as defendants.

While Plaintiff's allegations appear sufficiently specific to show that force was used and that it could have been excessive, see Byrd, 885 F.3d at 642–43 (finding plaintiff stated claim for

excessive force by alleging defendant police officers "beat the crap out of" plaintiff), there are no specific allegations suggesting that the excessive force was used pursuant to an official municipal policy. Accordingly, Plaintiff has failed to state a claim against any entity defendants. If Plaintiff chooses to amend his complaint, Plaintiff may include additional allegations regarding the official municipal policies that Plaintiff believes led to the use of excessive force during Plaintiff's arrest.

Additionally, or alternatively, Plaintiff may pursue excessive force claims against individual officers.[3] If he does not know the names of certain individuals, he may describe them to the best of his ability and name them as "Doe Defendants," such as "Doe Defendant 1, an officer with the Fresno County Sheriff's Office working on xxx date," to be identified by name and substituted in as a party with the help of discovery during the litigation. If Plaintiff does add individuals as defendants, he must allege what each individual defendant did or did not do that violated his constitutional rights.

### E. Speedy Trial

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial[.]" U.S. Const. amend. VI. A speedy trial is a fundamental right guaranteed by the Sixth Amendment and imposed upon the states by the Due Process Clause of the Fourteenth Amendment. Klopfer v. North Carolina, 386 U.S. 213, 223 (1967). The Court must balance four factors in determining whether there has been a violation of the right to a speedy trial: (1) the length of the delay; (2) the reason for the delay; (3) whether the defendant asserted the right to a speedy trial; and (4) whether the defendant suffered prejudice as a result of the delay. Dogget v. United States, 505 U.S. 647, 651 (1992) (citing Barker v. Wingo, 407 U.S. 514, 530 (1972)). No one factor is necessary or sufficient and there is no affirmative demonstration of prejudice necessary to prove a violation of the right to a speedy trial; instead, the four related factors "must be considered together with such other circumstances as may be relevant." Moore v. Arizona, 414 U.S. 25, 26 (1973) (per curiam) (citation omitted).

---

[3] As set forth in section IV(A), *supra*, a jurisdictional issue may exist with any excessive force claim that Plaintiff may state. See Heck, 512 U.S. 477; Muhammad, 540 U.S. 749.

The FAC does not contain sufficient facts to state that a speedy trial violation has occurred. The FAC has no factual allegations regarding the length and reasons for delay, whether Plaintiff asserted his right to a speedy trial, and the resulting prejudice. The Court has provided the pertinent legal standards above and will permit Plaintiff to file a second amended complaint if he believes that additional true factual allegations would state a speedy trial claim according to these legal standards.[4]

### F. Use of Technology to Induce Physical Reactions

> "The status of the detainees determines the appropriate standard for evaluating conditions of confinement." *Gary H. v. Hegstrom*, 831 F.2d 1430, 1432 (9th Cir. 1987). "Due process requires that a pretrial detainee not be punished. A sentenced inmate, on the other hand, may be punished, although that punishment may not be 'cruel and unusual' under the Eighth Amendment." *Bell v. Wolfish*, 441 U.S. 520, 537 n.16, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979).
>
> "For a particular governmental action to constitute punishment, (1) that action must cause the detainee to suffer some harm or 'disability,' and (2) the purpose of the governmental action must be to punish the detainee." *Demery v. Arpaio*, 378 F.3d 1020, 1029 (9th Cir. 2004) (citing *Bell*, 441 U.S. at 538, 99 S.Ct. 1861). "[T]o constitute punishment, the harm or disability caused by the government's action must either significantly exceed, or be independent of, the inherent discomforts of confinement." *Id.* at 1030 (citation omitted). Once harm is established, the court considers "whether this harm is imposed 'for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose.' " *Id.* (quoting *Bell*, 441 U.S. at 538, 99 S.Ct. 1861).

Vazquez v. Cty. of Kern, 949 F.3d 1153, 1163 (9th Cir. 2020).

> "Most cases that involve unwanted sexual contact or harassment by public officials have been analyzed under the substantive due process right to be free from violations of bodily integrity under the Fourteenth Amendment." *Fontana v. Haskin*, 262 F.3d 871, 881–82 n.6 . (9th Cir. 2001). "Under the Fourteenth Amendment's substantive due process prong, we use the 'shocks the conscience' test." *Id.* at 882 n.7 (citing *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 846, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998)). "The threshold question is 'whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to

---

[4] As set forth in section IV(A), *supra*, a jurisdictional issue may exist with any speedy trial claim that Plaintiff may state. See Heck, 512 U.S. 477; Muhammad, 540 U.S. 749. Further, it is unclear whether monetary damages pursuant to 42 U.S.C. § 1983 are an available remedy for a violation of the right to a speedy trial. See Betterman v. Montana, 136 S. Ct. 1609, 1615 (2016) ("The sole remedy for a violation of the speedy trial right [is] dismissal of the charges[.]" (citing Strunk v. United States, 412 U.S. 434, 440 (1973); Barker v. Wingo, 407 U.S. 514, 522 (1972))).

1         shock the contemporary conscience.'" *Id.* (quoting *Sacramento*,
2         523 U.S. at 848 n. 8, 118 S.Ct. 1708).

3 Vazquez, 949 F.3d at 1162 (footnote omitted).

4     Here, the allegations of the FAC underlying Plaintiff's claims regarding his detention are
5 factually frivolous. "[A] court may dismiss a claim as factually frivolous only if the facts alleged
6 are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and
7 'delusional.'" Denton v. Hernandez, 504 U.S. 25, 32–33 (1992) (quoting Neitzke v. Williams,
8 490 U.S. 319, 327, 325, 328 (1989)). "As those words suggest, a finding of factual frivolousness
9 is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible,
10 whether or not there are judicially noticeable facts available to contradict them." Denton, 504
11 U.S. at 33. The facts alleged by Plaintiff—that some unknown technology (similar to marketed
12 simulation technology known to offer control over friends) was used to induce various bodily
13 reactions (ejaculation, erection, anal dilations, diarrhea, extreme cramps, disruption of breath,
14 chest pains) in Plaintiff—are patently incredible.

15 **V.    CONCLUSION AND ORDER**

16     The Court has screened the FAC and finds that it fails to state any cognizable claims. It is
17 unclear what relief Plaintiff seeks in the instant proceeding and whether Plaintiff intends to state
18 a habeas claim. Additionally, any § 1983 claims may be barred by Heck v. Humphrey, 512 U.S.
19 477 (1994).

20     Under Rule 15 of the Federal Rules of Civil Procedure, the "court should freely give
21 leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Accordingly, the Court will
22 provide Plaintiff the opportunity to file a second amended complaint curing the deficiencies
23 identified above. Lopez v. Smith, 203 F.3d 1122, 1126–30 (9th Cir. 2000). Plaintiff is granted
24 leave to file a second amended complaint within thirty days from the date of service of this order,
25 if he chooses to do so.

26     Should Plaintiff choose to amend the complaint, the amended complaint must allege
27 constitutional violations under the law as discussed above. The amended complaint should be
28 brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the

deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. at 678; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). Plaintiff is reminded that he must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones, 297 F.3d at 934. Plaintiff is advised that a short, concise statement of the allegations in chronological order will assist the Court in identifying his claims. Plaintiff should name each defendant and explain what happened, describing personal acts by the individual defendant that resulted in the violation of Plaintiff's rights. Plaintiff should also describe any harm he suffered as a result of the violation.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff decides to file an amended complaint, he is advised that an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superseded pleading. Local Rule 220. Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The Clerk's Office is DIRECTED to send Plaintiff a blank civil rights complaint form;
2. Within **THIRTY (30) days** from the date of service of this order, Plaintiff shall either:
   (a) File a second amended complaint attempting to cure the deficiencies identified in this order; or

   (b) Notify the Court in writing that he wishes to stand by the first amended complaint as written, in which case the undersigned will issue findings and recommendation to the assigned district judge consistent with this order;

3. Should Plaintiff choose to amend the complaint, Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to the case number 1:20-cv-00381-AWI-EPG; and

4. If Plaintiff fails to comply with this order, the undersigned may recommend dismissal of the case for failure to comply with a court order and failure to prosecute.

IT IS SO ORDERED.

Dated: **August 10, 2020**   /s/ *Erica P. Grosjean*
              UNITED STATES MAGISTRATE JUDGE